1

2

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3    ADAM GOBER,                              Case No.: 3:20-cv-00484-MMD-WGC

4         Plaintiff                          **Report & Recommendation of**
                                             **United States Magistrate Judge**
5    v.
                                             Re: ECF Nos. 1-1, 5, 7
6    CARL E. ARNOLD,

7         Defendant

8

9         This Report and Recommendation is made to the Honorable Miranda M. Du, United

10   States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28

11   U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

12        Plaintiff, who is incarcerated within the Nevada Department of Corrections (NDOC) at

13   Ely State Prison (ESP), has filed an application to proceed in forma pauperis (IFP) (ECF No. 5),

14   a pro se complaint (ECF No. 1-1), and a request for emergency injunction (ECF No. 7).

15        For the reasons set forth below, Plaintiff's IFP application should be granted and he

16   should be required to pay an initial partial filing fee and then pay the remainder of the filing fee

17   over time. His complaint, however, should be dismissed with prejudice because Plaintiff fails to

18   state a claim upon which relief may be granted. As a result, his request for an emergency

19   injunction should be denied as moot.

20                              **I. IFP APPLICATION**

21        A person may be granted permission to proceed IFP if the person "submits an affidavit

22   that includes a statement of all assets such [person] possesses [and] that the person is unable to

23

1 pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense

2 or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

3        The Local Rules of Practice for the District of Nevada provide: "Any person who is

4 unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

5 The application must be made on the form provided by the court and must include a financial

6 affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

7        "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

8 particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

9 (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

10 benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

11        An inmate submitting an application to proceed IFP must also "submit a certificate from

12 the institution certifying the amount of funds currently held in the applicant's trust account at the

13 institution and the net deposits in the applicant's account for the six months prior to the date of

14 submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been

15 at the institution for less than six months, "the certificate must show the account's activity for

16 this shortened period." LSR 1-2.

17        If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount

18 of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an

19 initial partial filing fee that is calculated as 20 percent of the greater of  the average monthly

20 deposits or the average monthly balance for the six-month period immediately preceding the

21 filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid,

22 the prisoner is required to make monthly payments equal to 20 percent of the preceding month's

23 income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody

1    of the prisoner will forward payments from the prisoner's account to the court clerk each time

2    the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

3        Plaintiff's certified account statement indicates that his average monthly balance for the

4    last six months was $10.84, and his average monthly deposits were $100.83.

5        Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an

6    initial partial filing fee in the amount of $20.17 (20 percent of $100.83). Thereafter, whenever

7    his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of

8    the preceding month's income credited to his account until the $350 filing fee is paid.

9                  **II. SCREENING**

10    **A. Standard**

11        Under the statute governing IFP proceedings, "the court shall dismiss the case at any time

12    if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal--

13    (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

14    seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

15    § 1915(e)(2)(A), (B)(i)-(iii).

16        In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if

17    feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

18    which a prisoner seeks redress from a governmental entity or officer or employee of a

19    governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

20    cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

21    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

22    monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

23

1   Dismissal of a complaint for failure to state a claim upon which relief may be granted is

2   provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

3   28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

4   complaint under these statutes, the court applies the same standard as is applied under Rule

5   12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

6   12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

7   F.3d 719, 723 (9th Cir. 2000) (citation omitted).

8   The court must accept as true the allegations, construe the pleadings in the light most

9   favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

10  395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

11  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

12  (1980) (internal quotation marks and citation omitted).

13  A complaint must contain more than a "formulaic recitation of the elements of a cause of

14  action," it must contain factual allegations sufficient to "raise a right to relief above the

15  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

16  must contain something more … than … a statement of facts that merely creates a suspicion [of]

17  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

18  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

19  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20  A dismissal should not be without leave to amend unless it is clear from the face of the

21  complaint that the action is frivolous and could not be amended to state a federal claim, or the

22  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

23  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

1 **B. Plaintiff's Complaint**

2       Plaintiff's complaint names Carl E. Arnold as a defendant, and he alleges that Mr. Arnold

3 is an attorney in Las Vegas. Plaintiff alleges that Mr. Arnold represented him in an underlying

4 criminal proceeding, and was ordered to provide Plaintiff with his court papers so that Plaintiff

5 could utilize them for post-conviction proceedings, yet Mr. Arnold failed to do so. Plaintiff

6 asserts constitutional claims under section 1983 against Mr. Arnold, including violation of the

7 Fourteenth Amendment's Due Process Clause and Equal Protection Clause, as well as the Eighth

8 Amendment's prohibition against cruel and unusual punishment. He also references Nevada

9 Revised Statute (NRS) 199.340.

10       42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights

11 conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of

12 substantive rights, but merely provides a method for vindicating federal rights elsewhere

13 conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation

14 omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights

15 were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42,

16 48-49 (1988).

17       A person acts under color of state law when he or she "exercises power possessed by

18 virtue of state law and made possible only because the wrongdoer is clothed with the authority of

19 state law." *West*, 487 U.S. at 49. Generally, private parties do not act under color of state law for

20 purposes of section 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). An

21 attorney representing a criminal defendant, whether a public defender, court-appointed counsel,

22 or privately-retained counsel, does not act under color of state law. *See Polk County v. Dodson*,

23 454 U.S. 312, 317-18 (1981) ("[A] lawyer representing a client is not, by virtue of being an

1  officer of the court, a state actor 'under color of state law' within the meaning of § 1983.");

2  *Szijarto v. Legeman*, 466 F.2d 864, 864 (9th Cir. 1972) (per curiam ) (claim of ineffective

3  assistance of a retained trial attorney was not a cognizable claim under section 1983 because "an

4  attorney, whether retained or appointed, does not act 'under color of state law.'").

5  Here, Plaintiff sues only his criminal defense attorney, Mr. Arnold. Plaintiff fails to state

6  a claim upon which relief may be granted under section 1983 because Mr. Arnold, as Plaintiff's

7  criminal defense attorney, does not act under color of state law.

8  NRS 199.340 is Nevada's criminal contempt statute, and provides that every person who

9  commits contempt of court under the circumstances enumerated in the statute is guilty of a

10  misdemeanor. This statute does not give rise to any claim in federal court.

11  For these reasons, Plaintiff's complaint should be dismissed with prejudice.

12  ### III. MOTION FOR EMERGENCY INJUNCTION

13  Plaintiff has also filed a request for an emergency injunction asking the court to stop the

14  injustice that has resulted from Mr. Arnold's failure to give Plaintiff his court documents.

15  (ECF No. 7.) In light of the court's recommendation that Plaintiff's complaint be dismissed, the

16  motion requesting an emergency injunction should be denied as moot.

17  ### IV. RECOMMENDATION

18  IT IS HEREBY RECOMMENDED that the District Judge enter an order:

19  (1) **GRANTING** Plaintiff's IFP application (ECF No. 5); however, Plaintiff is required

20  to pay, through NDOC, an initial partial filing fee in the amount of $20.17, within thirty

21  days of the entry of any order adopting and accepting this Report and Recommendation.

22  Thereafter, whenever his prison account exceeds $10, he is required to make monthly

23  payments in the amount of 20 percent of the preceding month's income credited to his

account until the full $350 filing fee is paid. This is required even if the action is

dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of

an order adopting and accepting this Report and Recommendation to the attention of

**Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011,

Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

(4) Plaintiff's request for an emergency injunction (ECF No. 7) should be **DENIED AS**

**MOOT**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to

this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for

consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of

appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed

until entry of judgment by the district court.


Dated: September 30, 2020

William G. Cobb
United States Magistrate Judge

7