UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADAM GOBER,<br><br>                        Plaintiff,<br>     v.<br>CARL E. ARNOLD,<br><br>                        Defendant. | Case No. 3:20-cv-00484-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Adam Gober, who is currently incarcerated at Ely State Prison ("ESP"), brings this action against Defendant Carl E. Arnold, his former attorney, for violations of his Fourteenth Amendment due process and equal protection rights and Eighth Amendment right against cruel and unusual punishment. (ECF No. 1-1 at 4-6.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 8), recommending the Court dismiss Plaintiff's claims because the Court cannot grant him relief. Plaintiff filed an objection to the R&R. (ECF No. 32 ("Objection").) Because the Court agrees with Judge Cobb's screening analysis, the Court will overrule Plaintiff's Objection and will adopt the R&R.

Also before the Court is Plaintiff's motion for emergency injunction (ECF No. 7), motion for summary judgment (ECF No. 9), Motion for request for clarification (ECF No. 14), and motion for appointment of counsel (ECF No. 15). Because Plaintiff has failed to state a claim upon which relief could be granted, these motions will be denied as moot. The Court adopts Judge Cobb's recommendation to grant Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP Application") (ECF No. 5),

**II.   BACKGROUND**

The facts are adapted from Plaintiff's complaint. (ECF No. 1-1.) Plaintiff alleges that

Defendant represented him in an underlying state court criminal proceeding. At the conclusion of that proceeding, Plaintiff claims the state court judge ordered Defendant to provide Plaintiff with his court papers so that Plaintiff could use them to file for post-conviction relief. Plaintiff states that Defendant failed to do so. Accordingly, Plaintiff argues that his post-conviction case was compromised because he did not have the necessary documentation to support his claims.

Plaintiff now brings claims against Defendant for violating his constitutional rights under the Eighth and Fourteenth Amendments. He also alleges that Defendant is in violation of NRS § 199.340.

### III. LEGAL STANDARD

#### A. Report & Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 13.)

#### B. IFP Screening & Dismissal

The Court incorporates by reference the standards for screening and dismissal of a complaint filed *in forma pauperis* as set out in Judge Cobb's R&R. (ECF No. 8 at 3-4.)

### IV. DISCUSSION

Plaintiff argues that Defendant, his former criminal defense attorney, violated his Eighth and Fourteenth Amendment rights because Defendant has not supplied Plaintiff with his "court and trial documents." (ECF No. 1-1 at 4-5.) The Court first addresses whether Plaintiff's complaint plausibly states a claim for relief the Court could grant. As explained further below, because Defendant is a private attorney who was not acting under the "color of state law," Plaintiff's claims against him will be dismissed. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Moreover, because Plaintiff could not amend his complaint in

a way that would cure this defect, the Court will not grant leave to amend the complaint. Accordingly, Plaintiff's remaining motions will be denied as moot.

To state a claim under § 1983, a plaintiff must allege (1) their civil rights were violated (2) by a person acting under the color of state law. *See West*, 487 U.S. at 48-49. A person acts under the color of state law when they "exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49. Because the Fourteenth Amendment protects against constitutional violations perpetrated by state actors, private parties generally do not act under 'the color of state law' for purposes of § 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). If a plaintiff wishes to bring a § 1983 suit against a private party, the court must decide whether "the alleged infringement of federal rights [is] fairly attributable to the [government]." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "But a private attorney, even if is an appointed attorney or a public defender, 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1111 (D. Nev. 2004).

Defendant was not acting under color of state law. Plaintiff argues in his Objection that when Defendant appeared as his legal representative, he was acting under color of law. (ECF No. 13 at 3.) But an attorney representing a defendant in a proceeding is not acting under color of state law. *See Deleo*, 328 F. Supp. 2d at 1111. Plaintiff further argues that when the state court ordered Defendant to give Plaintiff his court records, he was then placed under color law. (ECF No. 13 at 3.) But being subject to the authority of state law does or a court order does not mean that Defendant's actions, whether in compliance with the order or not, are done under color of state law.

Plaintiff then refers the Court to 18 U.S.C. § 242, which describes liability for persons conspiring to violate someone's constitutional rights. (*Id.* at 4.) These arguments were not raised in Plaintiff's complaint, but even if they had been, Plaintiff has not shown how any parties are acting in conspiracy to violate his rights. Nor has Plaintiff argued that

Defendant is acting in concert with someone who is acting under the color of state law in any respect.

Plaintiff's main argument appears to be that Defendant is defying several orders issued by the state court. Plaintiff is asking the Court to require Defendant to comply with the state court orders and seeks damages for his failure to do so. (*Id.* at 13-17.) But federal courts, unlike state courts, are courts of limited jurisdiction. Although the record appears somewhat confused, it appears that Plaintiff has filed several motions in state court requesting his documents. Plaintiff's proper remedy is in state court. The Court will not interfere with a pending motion for contempt in state court, nor will it enjoin a contempt order once the state court has rendered judgment. *See, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 334-35 (1977) (finding that federal courts should abstain from interfering in state proceedings out of "a proper respect for state functions").

Because Plaintiff has not shown that the Court has jurisdiction over his dispute with Defendant, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's continued attempts to require Defendant to provide his documents must proceed in state court and this case will be dismissed with prejudice. Because there is nothing Plaintiff could supply which would remedy the jurisdictional failings of his claims, the Court will not grant him leave to amend his complaint. As a result of its decision to dismiss Plaintiff's claims, the Court will deny Plaintiff's other outstanding motions as moot. (ECF Nos. 7, 9, 14, 15.)

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that plaintiff's objection (ECF No. 13) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 8) is accepted in

1  its entirety.

2  It is further ordered that plaintiff's application for leave to proceed *in forma pauperis*
3  (ECF No. 5) is granted. Plaintiff is required to pay, through NDOC, an initial partial filing
4  fee in the amount of $20.17 within 30 days. Whenever prison plaintiff's account exceeds
5  $10, he must make monthly payments in the amount of 20 percent of the preceding
6  month's income credited to his account until the full $350 filing fee is paid. This is required
7  even though the action is dismissed.

8  The Clerk of Court is directed to send a copy of this order adopting and accepting
9  Judge Cobb's Report and Recommendation to the attention of Chief of Inmate Services
10 for the Nevada Department of Corrections, P.O. Box 7011, Carson City, Nevada 89702.

11 The Clerk of Court is further directed to file plaintiff's complaint (ECF No. 1-1).

12 It is further ordered that this action is dismissed with prejudice, and without leave
13 to amend.

14 It is further ordered that plaintiff's outstanding motions (ECF Nos. 7, 9, 14, 15) are
15 denied as moot.

16 The Clerk of Court is directed to enter judgment accordingly and close this case.

17 DATED THIS 23rd Day of March 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE